**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| **CASSIE HELGESON, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>-v-<br><br>**INFINITE CAMPUS, INC., a Minnesota corporation.**<br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Cassie Helgeson ("Plaintiff"), on behalf of himself/herself and all others similarly situated, by and through her undersigned counsel, brings this Class Action Complaint against Defendant Infinite Campus, Inc. ("Defendant"). Plaintiff alleges the following upon information and belief based on the investigation of counsel, except as to those allegations that specifically pertain to Plaintiff, which are alleged upon personal knowledge.

## INTRODUCTION

1. Plaintiff and the proposed Class Members bring this class action lawsuit on behalf of all persons who entrusted Defendant with sensitive Personally Identifiable Information ("PII" or "Private Information") that was impacted in a data breach that Defendant publicly disclosed in March 2026 (the "Data Breach" or the "Breach").

2. Plaintiff's claims arise from Defendant's failure to properly secure and safeguard Private Information that was entrusted to it, and its accompanying responsibility to store and transfer that information.

3. Defendant is a provider of a district-wide student information system designed to manage attendance, grades, and test scores, and serves as a critical repository for the contact and identifying information of school staff across the United States.

4. Defendant had numerous statutory, regulatory, contractual, and common law duties and obligations, including those based on their affirmative representations to Plaintiff and Class Members, to keep their Private Information confidential, safe, secure, and protected from unauthorized disclosure or access.

5. On March 18, 2026, an unauthorized third-party gained access to Defendant's IT Network, specifically an employee's Salesforce account used as Defendant's internal case management and ticketing system. In response, Defendant launched an investigation to determine the nature and scope of the Data Breach.

6. Defendant has publicly acknowledged that the target of the unauthorized access was the Infinite Campus Salesforce instance, which contained names and contact information for school staff. Since the Data Breach occurred, the notorious data extortion group "ShinyHunters" has claimed responsibility for the Data Breach and has threatened to publicly release all stolen data.

7. Upon information and belief, ShinyHunters gained unauthorized access to Defendant's IT Network and exfiltrated a substantial number of files containing sensitive Private Information belonging to Plaintiff and Class Members.

8. Defendant failed to take adequate precautions designed to keep individuals' Private Information secure.

9. Defendant owed Plaintiff and Class Members a duty to take all reasonable and necessary measures to keep the Private Information collected safe and secure from unauthorized

access. Defendant solicited, collected, used, and derived a benefit from the Private Information, yet breached that duty by failing to implement or maintain adequate security practices.

10. The sensitive nature of the data exposed through the Data Breach signifies that Plaintiff and Class Members have suffered irreparable harm. Plaintiff and Class Members have lost the ability to control their private information and are subject to an increased risk of identity theft.

11. Defendant failed to use reasonable security procedures and practices appropriate to the nature of the sensitive, unencrypted information they maintained for Plaintiff and Class Members, causing the exposure of Plaintiff and Class Members' Private Information.

12. As a result of Defendant's inadequate digital security and notice process, Plaintiff and Class Members' Private Information was exposed to criminals. Plaintiff and the Class Members have suffered and will continue to suffer injuries including: financial losses caused by misuse of their Private Information; the loss or diminished value of their Private Information as a result of the Data Breach; lost time associated with detecting and preventing identity theft; and theft of personal and financial information.

13. Plaintiff brings this action on behalf of all persons whose Private Information was compromised as a result of Defendant's failure to: (i) adequately protect the Private Information of Plaintiff and Class Members; (ii) warn Plaintiff and Class Members of Defendant's inadequate information security practices; (iii) effectively secure hardware and systems containing protected Private Information using reasonable and adequate security procedures free of vulnerabilities and incidents; and (iv) timely notify Plaintiff and Class Members of the Data Breach. Defendant's conduct amounts to at least negligence and violates federal and state statutes.

14. Plaintiff brings this action individually and on behalf of a Nationwide Class of similarly situated individuals against Defendant for: negligence, negligence per se, unjust enrichment, and breach of implied contract. Plaintiff seeks actual and putative damages, with attorneys' fees, costs, and expenses, and appropriate injunctive and declaratory relief.

15. Plaintiff and Class Members seek to remedy these harms and prevent any future data compromise on behalf of themselves, and all similarly situated persons whose personal data was compromised and stolen as a result of the Data Breach and who remain at risk due to Defendant's inadequate data security practices.

## PARTIES

16. Plaintiff Cassie Helgeson is a citizen and resident of Holmen, Wisconsin.

17. Defendant Infinite Campus, Inc. is a corporation incorporated under the laws of the State of Minnesota, with its principal place of business located at 4321 109th Ave NE, Blaine, Minnesota, 55449.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5,000,000, exclusive of interest and costs. Upon information and belief, the number of Class Members is in the millions, many of whom have different citizenship from Defendant, including Plaintiff. Thus, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A).

19. This Court has personal jurisdiction because Defendant maintains its principal place of business in this District, regularly conducts business in this District, and has sufficient minimum contacts in this District.

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) because a substantial part of the events giving rise to this action occurred in this District. Defendant is domiciled in this District and maintains Plaintiff's and Class Members' Private Information in this District.

## FACTUAL ALLEGATIONS

### A. Background

21. Defendant is a provider of a district-wide student information system designed to manage attendance, grades, and test scores, serving over 3,200 school districts across 46 states and managing data for approximately 11 million students.

22. Defendant requires individuals, including school staff, to provide it with sensitive Private Information as a condition of their employment and use of Defendant's systems.

23. Defendant collected and stored Plaintiff's and the proposed Class Members' Private Information on its information technology computer systems, including within its Salesforce customer relationship management and ticketing platform.

24. Upon information and belief, Defendant made promises and representations to individuals, including Plaintiff and Class Members, that the Private Information collected from them would be kept safe and confidential, and that the privacy of that information would be maintained.

25. Plaintiff and Class Members provided their Private Information to Defendant with the reasonable expectation and on the mutual understanding that Defendant would comply with its obligations to keep such information confidential and secure from unauthorized access.

26. As a result of collecting and storing the Private Information of Plaintiff and Class Members for its own financial benefit, Defendant had a continuous duty to adopt and employ

reasonable measures to protect Plaintiff and the Class Members' Private Information from disclosure to third parties.

**B. The Data Breach**

27. On March 18, 2026, an unauthorized third-party gained access to Defendant's IT Network by compromising an employee's Salesforce account. Defendant has publicly characterized Salesforce as its internal case management and ticketing system, separate from its core student information system.

28. In response, Defendant launched an investigation to determine the nature and scope of the Data Breach.

29. Defendant has publicly admitted that the target of the unauthorized access was the Infinite Campus Salesforce instance, which contained names and contact information for school staff. Defendant characterized this data as "directory information commonly found on school websites." This characterization does not diminish Defendant's legal obligation to protect it or provide timely notice to affected individuals.

30. Since the Data Breach occurred, the data extortion group "ShinyHunters" has claimed responsibility for the Data Breach, publishing a notice on its data leak website and issuing a "final warning" threatening to publicly release all stolen data unless Defendant paid a ransom by March 25, 2026. Defendant has publicly stated it will not engage with the attacker.

31. Upon information and belief, ShinyHunters gained unauthorized access to Defendant's IT Network and exfiltrated a substantial number of files containing highly sensitive Private Information belonging to Plaintiff and Class Members.

32. Individuals affected by the Data Breach are, and remain, at risk that their data will be sold or listed on the dark web and, ultimately, illegally used in the future.

**C. Defendant's Failure to Prevent, Identify, and Timely Report the Data Breach**

33. Defendant admits that an unauthorized third party accessed its IT Network. Defendant failed to take adequate measures to protect its computer systems against unauthorized access.

34. The Private Information that Defendant allowed to be exposed in the Data Breach is the type of private information that Defendant knew or should have known would be the target of cyberattacks, particularly given ShinyHunters' well-documented pattern of targeting Salesforce customer environments.

35. Despite its own knowledge of the inherent risks of cyberattacks, and notwithstanding the FTC's data security principles and practices, Defendant failed to disclose that its systems and security practices, and those belonging to its third-party vendors, were inadequate to reasonably safeguard individuals' Private Information.

36. The FTC directs businesses to use an intrusion detection system to expose a breach as soon as it occurs, monitor activity for attempted hacks, and have an immediate response plan if a breach occurs. Immediate notification of a Data Breach is critical so that those impacted can take measures to protect themselves.

37. Here, Defendant has failed to provide direct notification to the individual school staff members whose Private Information was stored in the compromised Salesforce instance. Instead, Defendant directed notices only to its institutional customers (school districts and state education agencies) without ensuring that affected individuals received timely direct notification, in violation of applicable state breach notification statutes.

**D. The Harm Caused by the Data Breach Now and Going Forward**

38. Victims of data breaches are susceptible to becoming victims of identity theft. The FTC defines identity theft as "a fraud committed or attempted using the identifying information of another person without authority." 17 C.F.R. § 248.201(b)(9). When identity thieves have an individual's personal information, they can drain bank accounts, run up charges on credit cards, open new utility accounts, or obtain medical treatment on another person's health insurance.

39. The types of data that may have been accessed and compromised here can be used to perpetrate fraud and identity theft.

40. Plaintiff and Class Members face a substantial risk of identity theft given that their Private Information was compromised in the Data Breach.

41. Stolen Private Information is often trafficked on the "dark web," a heavily encrypted part of the Internet that is not accessible via traditional search engines. Law enforcement has difficulty policing the dark web due to this encryption, which allows users and criminals to conceal their identities and online activity.

42. When malicious actors infiltrate companies and exfiltrate the Private Information that those companies store, the stolen information often ends up on the dark web where malicious actors buy and sell that information for profit.

43. PII remains of high value to criminals, as evidenced by the prices they will pay through the dark web. Personal information can be sold at a price ranging from $40 to $200, and bank details have a price range of $50 to $200. Criminals can also purchase access to entire company data breaches for prices ranging from $900 to $4,500.

44. Defendant did not rapidly report to Plaintiff and Class Members that their Private Information had been stolen, depriving them of the ability to take timely protective action.

45. As a result of the Data Breach, the Private Information of Plaintiff and Class Members has been exposed to criminals for misuse. The injuries suffered by Plaintiff and Class Members, or likely to be suffered as a direct result of Defendant's Data Breach, include: (a) theft of their Private Information; (b) costs associated with the detection and prevention of identity theft; (c) costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate, mitigate, and deal with the consequences of this Breach; (d) invasion of privacy; (e) the emotional distress, stress, nuisance, and annoyance of responding to, and resulting from, the Data Breach; (f) the actual and/or imminent injury arising from actual and/or potential fraud and identity theft resulting from their personal data being placed in the hands of ill-intentioned hackers and/or criminals; (g) damage to and diminution in value of their personal data entrusted to Defendant with the mutual understanding that Defendant would safeguard their Private Information against theft and not allow access to and misuse of their personal data by any unauthorized third party; and (h) the continued risk to their Private Information, which remains in the possession of Defendant, and which is subject to further injurious breaches so long as Defendant fails to undertake appropriate and adequate measures to protect Plaintiff and Class Members' Private Information.

46. In addition to a remedy for economic harm, Plaintiff and Class Members maintain an interest in ensuring that their Private Information is secure, remains secure, and is not subject to further misappropriation and theft.

47. Defendant disregarded the rights of Plaintiff and Class Members by (a) intentionally, willfully, recklessly, or negligently failing to take adequate and reasonable measures to ensure that its network servers, and those belonging to its third-party vendors, were protected against unauthorized intrusions; (b) failing to disclose that they did not have adequately robust

security protocols and training practices in place to safeguard Plaintiff and Class Members' Private Information; (c) failing to take standard and reasonably available steps to prevent the Data Breach; (d) concealing the existence and extent of the Data Breach for an unreasonable duration of time; and (e) failing to provide Plaintiff and Class Members prompt and accurate direct notice of the Data Breach.

48. The actual and adverse effects to Plaintiff and Class Members, including an imminent, immediate, and continuing increased risk of harm from identity theft, identity fraud, and/or related fraud directly or proximately caused by Defendant's wrongful actions and/or inaction and the resulting Data Breach, require Plaintiff and Class Members to take affirmative acts to recover their peace of mind and personal security including, without limitation, purchasing credit reporting services, purchasing credit monitoring and/or internet monitoring services, frequently obtaining, purchasing, and reviewing credit reports, bank statements, and other similar information, instituting and/or removing credit freezes and/or closing or modifying financial accounts, for which there is a financial and temporal cost. Plaintiff and other Class Members have suffered, and will continue to suffer, such damages for the foreseeable future.

**E. Plaintiff's Experience**

49. Plaintiff is a parent of a student at a school that uses Defendant's services. Plaintiff provided Private Information to Defendant.

50. As a condition of receiving services from and/or employment through Defendant or a Defendant-affiliated school district, Plaintiff was required to supply Defendant with her Private Information—including her name, household details, credit card information, and other sensitive identifying information.

51. Defendant was in possession of Plaintiff's Private Information before, during, and after the Data Breach.

52. Plaintiff reasonably understood and expected that Defendant would safeguard her Private Information and timely and adequately notify her in the event of a data breach. Plaintiff would not have allowed Defendant, or anyone in Defendant's position, to maintain her Private Information if she believed that Defendant would fail to implement reasonable and industry-standard practices to safeguard that information from unauthorized access.

53. Plaintiff greatly values her privacy and Private Information and takes reasonable steps to maintain the confidentiality of her Private Information. Plaintiff is very concerned about identity theft and fraud, as well as the consequences of such identity theft and fraud resulting from the Data Breach.

54. Plaintiff stores all documents containing Private Information in a secure location and destroys any documents she receives that contain any Private Information or that may contain any information that could otherwise be used to compromise her identity and financial accounts. Moreover, she diligently chooses unique usernames and passwords for her various online accounts.

55. As a result of the Data Breach, Plaintiff has spent considerable time researching the Data Breach, reviewing her accounts, monitoring her credit report, changing passwords, and undertaking other necessary mitigation efforts. This is valuable time that Plaintiff otherwise would have spent on other activities, including but not limited to work and/or recreation.

56. The Data Breach has caused Plaintiff to suffer fear, anxiety, and stress.

57. Plaintiff anticipates spending considerable time and money on an ongoing basis to try to mitigate and address harms caused by the Data Breach. In addition, Plaintiff will continue to be at present and continued increased risk of identity theft and fraud for years to come.

58. Plaintiff has a continuing interest in ensuring that her Private Information, which upon information and belief remains in Defendant's possession, is protected and safeguarded from future breaches.

59. As a direct and traceable result of the Data Breach, Plaintiff suffered actual injury and damages after her Private Information was compromised and stolen in the Data Breach, including, but not limited to: (a) lost time and money related to monitoring her accounts and credit reports for fraudulent activity; (b) loss of privacy due to her Private Information being accessed and stolen by cybercriminals; (c) loss of the benefit of the bargain because Defendant did not adequately protect her Private Information; (d) emotional distress because identity thieves now possess her sensitive information; (e) imminent and impending injury arising from the increased risk of fraud and identity theft now that her Private Information has been stolen and likely published on the dark web; (f) diminution in the value of her Private Information, a form of intangible property that Defendant obtained from Plaintiff; and (g) other economic and non-economic harm.

## CLASS ALLEGATIONS

60. Plaintiff brings this class action, individually and on behalf of the following Nationwide Class:

> *All persons in the United States whose Private Information was compromised in the Data Breach publicly announced by Defendant in March 2026 (the "Class").*

61. Specifically excluded from the Class are Defendant, its officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, principals, servants, partners, joint venturers, or entities controlled by Defendant, and its successors, assigns, or other persons or

entities related to or affiliated with Defendant and/or its officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

62. Plaintiff reserves the right to amend the Class definitions above if further investigation and/or discovery reveals that the Class should be expanded, narrowed, divided into subclasses, or otherwise modified in any way.

63. This action may be certified as a class action because it satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements of Fed. R. Civ. P. 23.

64. **Numerosity**: Upon information and belief, the Class consists of at minimum hundreds of thousands of members whose identities are ascertainable through Defendant's records. The exact size of the Class and the identities of individual members are identifiable through Defendant's records, including but not limited to the files implicated in the Data Breach.

65. **Typicality of Claims**: Plaintiff's claims are typical of those of other Class Members because Plaintiff, like all unnamed Class Members, had her Private Information compromised as a result of the Data Breach. The harm suffered by Plaintiff is similar to the harm suffered by all other Class Members, which was caused by the same misconduct by Defendant.

66. **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests antagonistic to, nor in conflict with, the Class. Plaintiff has retained competent counsel who are experienced in consumer and commercial class action litigation and who will prosecute this action vigorously.

67. **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the monetary damages suffered by individual Class Members are relatively small, the expense and burden of individual litigation make it impractical for individual Class Members to seek redress for the wrongful conduct asserted herein.

If Class treatment of these claims is not available, Defendant will likely continue its wrongful conduct and will unjustly retain improperly obtained revenues or otherwise escape liability for its wrongdoing as asserted herein.

68. **Predominant Common Questions**: The claims of all Class Members present common questions of law or fact which predominate over any questions affecting only individual Class Members, including:

a. Whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach;

b. Whether Defendant's data security systems, and those belonging to its third-party vendors, prior to and during the Data Breach complied with applicable data security laws and regulations;

c. Whether Defendant's storage of Plaintiff's and Class Members' Private Information was done in a negligent manner;

d. Whether Defendant had a duty to protect and safeguard Plaintiff's and Class Members' Private Information;

e. Whether Defendant's conduct was negligent;

f. Whether Defendant's conduct violated Plaintiff's and Class Members' privacy;

g. Whether Defendant's conduct violated the statutes set forth herein;

h. Whether Defendant took sufficient steps to secure individuals' Private Information;

i. Whether Defendant was unjustly enriched;

j. Whether Defendant failed to provide adequate and timely direct notice to affected individual Class Members; and

k. The nature of relief, including damages and equitable relief, to which Plaintiff and Class Members are entitled.

69. Information concerning Defendant's policies are available from Defendant's records.

70. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

71. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications and establish incompatible standards of conduct for Defendant. Prosecution as a class action will eliminate the possibility of repetitious and inefficient litigation.

72. Given that Defendant has not indicated any changes to their conduct or security measures, monetary damages are insufficient and there is no complete and adequate remedy at law.

## <u>CAUSES OF ACTION</u>
## COUNT I
## NEGLIGENCE
## (On Behalf of Plaintiff and the Class)

73. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above in paragraphs 1 through 72 as though fully set forth herein.

74. Plaintiff brings this claim individually and on behalf of the Class Members.

75. Defendant knowingly collected, came into possession of, and maintained Plaintiff's and Class Members' Private Information, and had a duty to exercise reasonable care in

safeguarding, securing, and protecting such information from being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties.

76. Defendant had a duty to have procedures in place to detect and prevent the loss or unauthorized dissemination of Plaintiff's and Class Members' Private Information.

77. Defendant had, and continues to have, a duty to timely disclose to Plaintiff and Class Members that the Private Information within Defendant's possession was compromised and the precise types of information that were compromised.

78. Defendant owed a duty of care to Plaintiff and Class Members to provide data security consistent with industry standards, applicable standards of care from statutory authority like Section 5 of the FTC Act, and other requirements discussed herein, and to ensure that its systems and networks, those belonging to its third-party vendors, and the personnel responsible for them, adequately protected individuals' Private Information.

79. Defendant's duty of care to use reasonable security measures arose as a result of the special relationship that existed between Defendant and Plaintiff and Class Members. Defendant was in a position to ensure that its systems, and those belonging to its third-party vendors, were sufficient to protect against the foreseeable risk of harm to Plaintiff and Class Members from a data breach.

80. Defendant's duty to use reasonable care in protecting confidential data arose not only as a result of the statutes and regulations described herein, but also because Defendant is bound by industry standards to protect confidential Private Information.

81. Defendant breached these duties by failing to exercise reasonable care in safeguarding and protecting Plaintiff's and Class Members' Private Information.

82. The specific negligent acts and omissions committed by Defendant include, but are not limited to, the following:

a. Failing to adopt, implement, and maintain adequate security measures to safeguard Plaintiff's and Class Members' Private Information;

b. Failing to adequately monitor the security of their networks and systems;

c. Failing to implement multi-factor authentication and other readily available security controls on employee accounts with access to sensitive data systems such as Salesforce; and

d. Failing to periodically ensure that its computer systems and networks had plans in place to maintain reasonable data security safeguards.

83. Defendant, through its actions and/or omissions, unlawfully breached its duties to Plaintiff and Class Members by failing to exercise reasonable care in protecting and safeguarding Plaintiff's and Class Members' Private Information within Defendant's possession.

84. Defendant, through its actions and/or omissions, unlawfully breached its duties to Plaintiff and Class Members by failing to have appropriate procedures in place to detect and prevent dissemination of Plaintiff's and Class Members' Private Information.

85. Defendant, through its actions and/or omissions, unlawfully breached its duty to timely disclose directly to Plaintiff and Class Members that the Private Information within Defendant's possession had been compromised and the precise types of information compromised.

86. Defendant breached the duties set forth in 15 U.S.C. § 45, the FTC guidelines, the National Institute of Standards and Technology's Framework for Improving Critical Infrastructure Cybersecurity, and other industry guidelines.

87. It was foreseeable that Defendant's failure to use reasonable measures to protect Plaintiff's and Class Members' Private Information would result in injury to Plaintiff and Class Members. Further, the breach of security was reasonably foreseeable given the known high frequency of cyberattacks targeting cloud-based systems such as Salesforce, and ShinyHunters' well-documented pattern of targeting Salesforce customers.

88. Defendant's breach of duties owed to Plaintiff and Class Members caused Plaintiff's and Class Members' Private Information to be compromised.

89. But for Defendant's negligent conduct and breach of the above-described duties owed to Plaintiff and Class Members, their Private Information would not have been compromised.

90. As a result of Defendant's failure to timely notify Plaintiff and Class Members directly that their Private Information had been compromised, Plaintiff and Class Members are unable to take necessary precautions to mitigate damages by preventing future fraud.

91. As a result of Defendant's negligence and breach of duties, Plaintiff and Class Members are in danger of imminent harm in that their Private Information, which is still in the possession of third parties, will be used for fraudulent purposes, and Plaintiff and Class Members have and will suffer damages including: a substantial increase in the likelihood of identity theft; the compromise, publication, and theft of their personal information; loss of time and costs associated with the prevention, detection, and recovery from unauthorized use of their personal information; the continued risk to their personal information; future costs in terms of time, effort, and money that will be required to prevent, detect, and repair the impact of the personal information compromised as a result of the Data Breach; and overpayment for the services or products that were received without adequate data security.

**COUNT II**
**NEGLIGENCE PER SE**
**(On Behalf of Plaintiff and the Class)**

92. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above in paragraphs 1 through 72 as though fully set forth herein.

93. Section 5 of the FTC Act, 15 U.S.C. § 45, prohibits "unfair . . . practices in or affecting commerce" including, as interpreted and enforced by the FTC, the unfair act or practice by businesses of failing to use reasonable measures to protect individuals' Private Information. Various FTC publications and orders also form the basis of Defendant's duty.

94. Defendant violated Section 5 of the FTC Act (and similar state statutes) by failing to use reasonable measures to protect Plaintiff's and Class Members' Private Information and by failing to comply with industry standards.

95. Defendant's conduct was particularly unreasonable given the nature and amount of Private Information obtained and stored, the foreseeable consequences of a data breach on Defendant's systems or those belonging to Defendant's third-party vendors, and the widely known threat posed by ShinyHunters and similar groups targeting Salesforce environments.

96. Plaintiff and Class Members are within the class of persons Section 5 of the FTC Act (and similar state statutes) were intended to protect.

97. Moreover, the harm that has occurred is the type of harm the FTC Act (and similar state statutes) was intended to guard against. The FTC has pursued enforcement actions against businesses which, as a result of their failure to employ reasonable data security measures and avoid unfair and deceptive practices, caused the same harm suffered by Plaintiff and Class Members.

98. As a result of Defendant's negligence per se, Plaintiff and Class Members have been harmed and have suffered damages including, but not limited to: damages arising from

identity theft and fraud; out-of-pocket expenses associated with procuring identity protection and restoration services; increased risk of future identity theft and fraud, and the costs associated therewith; and time spent monitoring, addressing, and correcting the current and future consequences of the Data Breach.

**COUNT III**
**UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and the Class)**

99. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above in paragraphs 1 through 72 as though fully set forth herein.

100. Plaintiff and Class Members conferred a benefit upon Defendant by providing Defendant with their Private Information, which Defendant used in its business operations and derived financial benefit from.

101. Defendant appreciated or had knowledge of the benefits conferred upon it by Plaintiff and Class Members. Defendant also benefited from the receipt of Plaintiff's and Class Members' Private Information by, among other things, reducing its operational costs relative to what it would have incurred had it implemented adequate data security measures.

102. Under principles of equity and good conscience, Defendant should not be permitted to retain the full value of Plaintiff's and the Class Members' Private Information because Defendant failed to adequately protect their Private Information. Plaintiff and the proposed Class would not have provided their Private Information to Defendant had they known Defendant would not adequately protect their Private Information.

103. Defendant should be compelled to disgorge into a common fund for the benefit of Plaintiff and Class Members all unlawful or inequitable proceeds received by them because of their misconduct and the Data Breach they caused.

**COUNT IV**
**BREACH OF IMPLIED CONTRACT**
**(On Behalf of Plaintiff and the Class)**

104. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above in paragraphs 1 through 72 as though fully set forth herein.

105. Plaintiff and the Class provided and entrusted their Private Information to Defendant. Plaintiff and the Class provided their Private Information to Defendant as part of Defendant's regular business practices and as a condition of the services provided by Defendant or its affiliated school district customers.

106. In so doing, Plaintiff and the Class entered into implied contracts with Defendant by which Defendant agreed to safeguard and protect such information, to keep such information secure and confidential, and to timely and accurately notify Plaintiff and the Class if their data had been breached, compromised, or stolen, in return for the services provided by Defendant. Implied in these exchanges was a promise by Defendant to ensure that the Private Information of Plaintiff and Class Members in its possession was secure.

107. Pursuant to these implied contracts, Plaintiff and Class Members provided Defendant with their Private Information. In exchange, Defendant agreed to, among other things: (1) provide services to Plaintiff and Class Members; (2) take reasonable measures to protect the security and confidentiality of Plaintiff's and Class Members' Private Information; and (3) protect Plaintiff's and Class Members' Private Information in compliance with federal and state laws and regulations and applicable industry standards.

108. Implied in these exchanges was a promise by Defendant to ensure the Private Information of Plaintiff and Class Members in its possession was only used for the agreed-upon

purposes, and that Defendant would take adequate measures to protect Plaintiff's and Class Members' Private Information.

109. A material term of these implied contracts was a covenant by Defendant to take reasonable efforts to safeguard that information. Defendant breached this covenant by allowing Plaintiff's and Class Members' Private Information to be accessed and exfiltrated in the Data Breach.

110. Plaintiff and Class Members would not have entrusted their Private Information to Defendant in the absence of their implied contracts with Defendant and would have instead retained the opportunity to control their Private Information.

111. Defendant breached the implied contracts with Plaintiff and Class Members by failing to reasonably safeguard and protect Plaintiff's and Class Members' Private Information, and by failing to provide timely and direct notice to affected individuals following the Data Breach.

112. As a proximate and direct result of Defendant's breaches of its implied contracts with Plaintiff and Class Members, Plaintiff and the Class Members suffered damages as described in detail above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant as follows:

a. For an order determining that this action is properly brought as a class action and certifying Plaintiff as the representative of the Class and her counsel as Class Counsel;

b. For an order declaring that Defendant's conduct violates the laws referenced herein;

c. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d. For compensatory damages in amounts to be determined by the Court and/or jury;

e. For an award of statutory damages or penalties to the extent available;

f. For pre-judgment interest on all amounts awarded;

g. For an order of restitution and all other forms of monetary relief;

h. For reasonable attorneys' fees, costs, and expenses as provided by law; and

i. For such other and further relief as this Court deems necessary, just, and appropriate.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury of all claims in this Class Action Complaint so triable.

Dated: April 21, 2026

*<u>/s/ David A. Goodwin</u>*

Daniel E. Gustafson (#202241)
David A. Goodwin (#386715)
Michael J. Warkel (#505596)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 So. Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com
mwarkel@gustafsongluek.com

***Counsel for Plaintiff and the Proposed Class***